UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cherry A. Haywood, | |
| *Plaintiff,* | No. 25 CV 7883 |
| v. | Judge Lindsay C. Jenkins |
| ComTec Information Systems, | |
| *Defendant.* | |

MEMORANDUM OPINION AND ORDER

Following her termination in 2023, Cherry Haywood filed this employment discrimination case against her former employer, ComTec Information Systems. ComTec moves to dismiss for *forum non conveniens.* [Dkt. 7.] Alternatively, ComTec asks the court to transfer the case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). [Dkt. 17 at 7.][1] The court denies the motion to dismiss but grants the motion to transfer.

## I.    Background

ComTec is a technology consulting company with its principal place of business in Irving, Texas. [Dkt. 1, ¶¶ 5, 7.][2] Through an affidavit, Haywood avers that in September 2022, she received a phone call from a manager at ComTec offering her a job. [Dkt. 13-1,¶ 3.] According to Haywood, the manager informed her that the

---

[1]    ComTec also asserts that Haywood's claims under the Illinois Human Rights Act are procedurally barred for failure to exhaust administrative remedies. [Dkt. 7 at 8.] ComTec's exhaustion arguments are not fit for resolution at this stage of the proceedings because it filed a motion to dismiss for *forum non conveniens*, not a motion to dismiss for failure to state a claim under Rule 12(b)(6).

[2]    Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

company wanted to bring her on with a client, and that the client was "on a timeline" so Haywood would have to immediately sign an employment offer and become ComTec's employee. [*Id.*] Haywood also avers that ComTec told her that she could not join a meeting with the client until she signed the offer and that she had to "hurry up and sign it" and "get it done." [*Id.*]

The written offer of employment details the terms and conditions of Haywood's employment with ComTec. [Dkt. 7 at 24–27.] It is three and a half pages long and contains multiple short paragraphs, all in the same size font. [*Id.*] At various points in the offer, Haywood provided her initials and, on the last page, she DocuSigned her name. [*Id.*] Also on the last page was a forum selection clause:

> The laws of the State of Texas shall govern this letter/agreement. Both parties consent to the jurisdiction of Dallas County (Texas) and designate it as the sole and exclusive jurisdiction for the resolution of any disputes regarding this agreement or any other disputes which may arise between the parties. In the event ComTec incurs any attorney fees in conjunction with the enforcement of your obligations under this letter/agreement, then you agree to be liable for all such reasonable attorney fees, expenses and court costs.

[*Id.* at 27.][3]

---

[3]    Haywood urges the court to disregard the "unverified" offer of employment that ComTec attached to its motion to dismiss. [Dkt. 12 at 2.] But courts are not limited to the pleadings when deciding motions to transfer or dismiss under § 1404(a) or the doctrine of *forum non conveniens*. See, *e.g.*, *Cont. Servs. Grp., LLC v. E&E Mfg. of Tennessee, LLC*, 2023 WL 2682262, at *8 n.15 (N.D. Ind. Mar. 29, 2023); see also *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809–10 (7th Cir. 2011) ("When ruling on a motion to dismiss for improper venue, the district court is not obligated to limit its consideration to the pleadings [or to] convert the motion to one for summary judgment if the parties submit evidence outside the pleadings.") (internal citations omitted). This makes sense. If a court could not consider a contract containing a forum selection clause unless attached or referenced in the complaint, a plaintiff could avoid their contractual obligations through artful pleading. This is especially

Haywood began working for ComTec on September 30, 2022 as a Senior SAP Project Manager [Dkt. 1, ¶ 12.] Until her employment terminated in January 2023, Haywood conducted her work remotely from DuPage County, Illinois. [*Id.*]

In October 2023, Haywood filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that ComTec discriminated and retaliated against her based on her age, sex, and race. [*Id.*, ¶ 8.] The EEOC issued her a Right to Sue Letter and Haywood timely filed this lawsuit in the Northern District of Illinois bringing claims under Title VII, the ADEA, and the Illinois Human Rights Act. [*Id.*, ¶ 9.]

Pointing to the forum selection clause in Haywood's offer of employment, ComTec moves to dismiss the case based on *forum non conveniens* or, alternatively, to transfer the case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

## II.    Analysis

As the Supreme Court explained in *Atlantic Marine*, a party seeking transfer or dismissal based on a forum-selection clause may proceed in two ways. See *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59–61 (2013). When a forum-selection clause points to a particular federal district, a party may request that the court transfer the case to that district under 28 U.S.C § 1404(a). See *id.* at 59. But when a forum-selection clause points to a non-federal forum, like a state

---

true considering a defendant's obligation to raise forum-selection clauses early in the litigation. See *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510 (7th Cir. 2001).

Notably, Haywood does not question the authenticity of the document or suggest that she did not sign it. In fact, Haywood's affidavit explains the circumstances surrounding her signing the offer, which the court also considers. [Dkt. 13-1.]

or foreign court, the proper way to enforce the clause is through a motion to dismiss based on the doctrine of *forum non conveniens. Id.* at 60.

While the procedural mechanisms differ in name, the analysis is the same under both. See *id.* at 61 ("And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."). In short, a district court must enforce a valid forum-selection clause governing a dispute "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer" or dismissal. *Id.* at 52.

To determine whether to enforce the employment offer's forum-selection clause, then, the court must first determine the validity, enforceability, and scope of the clause and, assuming it is enforceable, then determine whether extraordinary circumstances warrant against enforcement.[4]

## A.    The Forum-Selection Clause

The court first decides whether federal or Texas law governs interpretation of the forum-selection clause. Haywood asserts that, pursuant to the offer of employment, Texas law applies. ComTec, while not explicitly addressing the issue, cites federal law when interpreting the clause's scope and validity. Haywood is correct

---

[4]        In her response to ComTec's motion to dismiss, Haywood provides one sentence half-heartedly asserting that ComTec waived its right to enforce the forum-selection clause by participating in the EEOC investigation. [Dkt. 12 at 8.] She does not explain further and cites no case law. Underdeveloped arguments are themselves waived, so the court does not address her waiver argument. See *Gross v. Town of Cicero, Il.*, 619 F.3d 697, 704-05 (7th Cir. 2010) (finding that underdeveloped arguments and those that lack any citation to legal authority are waived).

that Texas law governs the inquiry. See *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774–75 (7th Cir. 2014). Texas, however, has adopted the federal approach to interpretation, so cases interpreting forum-selection clauses under federal law are also persuasive. See *In re AIU Ins. Co.*, 148 S.W.3d 109, 111–14 (Tex. 2004) (applying federal law when analyzing the validity of a forum-selection clause).

### 1.    Validity and Enforceability

Forum-selection clauses are presumptively valid and enforceable. See *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232 (Tex. 2008). A party challenging the validity or enforceability of such a clause bears the "heavy" burden of clearly showing "that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *Id.* at 31–32.

### a.    Public Policy

Haywood first avows that enforcing the forum-selection clause would violate the public policy of Illinois.[5] In particular, she alleges that Illinois has an interest in having a controversy about its "resident's employment decided at home" and "there

---

[5]    This court observes, as have others, that *Atlantic Marine* introduced some tension between the public policy analysis for the validity and enforceability of a forum-selection clause under *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 22 (1972), and the public policy analysis involved in whether to actually enforce a forum-selection clause under *Atlantic Marine.* See, *e.g.*, *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 220 (6th Cir. 2021) ("[W]e acknowledge that there may be some question whether *Bremen*'s public-policy exception continues to suffice on its own to render a forum-selection clause unenforceable after *Atlantic Marine*."). But the Supreme Court has not overruled *Bremen* so, for now, the court assumes public policy considerations can be sufficient on their own to invalidate a forum-selection clause.

is unfairness of burdening Texas citizens with jury duty in a case concerning discrimination against a non-resident." [Dkt. 12 at 6.] First, the court observes that this suit involves two parties, one of which has its principal place of business in Texas. So Haywood's concerns about Illinois's interest in a suit concerning its citizen or of Texas citizens being "burdened" with jury duty are unpersuasive.

Second, Illinois generally favors forum-selection clauses and will only disregard the parties' choice of forum when a state statute or judicial decision expresses a strong public policy rejecting such clauses in a specific type of case. See *Fabian v. BGC Holdings, LP*, 24 N.E.3d 307, 313 (Ill. App. Ct. 2014). It is not enough that a plaintiff brings claims based on Illinois statutes, the plaintiff must point to an Illinois law or judicial decision that expresses a fundamental policy that the relevant claims be litigated within the state of Illinois. *Id.* at 314 ("The plaintiff fails to convince us that the forum-selection clause in a contract should be voided on public policy grounds merely because a court in a forum other than Illinois might be required to resolve a claim based upon an Illinois statutory cause of action.").

In *E & J Gallo Winery v. Morand Brothers Beverage Company*, for example, an Illinois federal court refused to transfer a case to a California federal court because the suit stemmed from an Illinois statute (the Illinois Beer Act) that *required* plaintiffs to file suit in the state of Illinois. 247 F. Supp. 2d 973, 977–78 (N.D. Ill. 2002). Haywood fails to point to any applicable Illinois judicial or statutory declaration warranting the same result here.

Nor has Haywood convinced the court that forum-selection clauses are invalid or unenforceable as applied to Title VII claims. Title VII contains a venue provision

allowing a plaintiff to bring suit "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). If the employer "is not found within any such district, such action may be brought within the judicial district in which" the employer "has his principal office." *Id* Contrast this with the general venue statute, which favors venue in the district where the employer has his principal office. 28 U.S.C. § 1391(b).

Recognizing this difference, some courts have concluded that Title VII reflects Congress's desire to avoid inconvenience to plaintiffs. See *Luderus v. U.S. Helicopters, Inc.*, 2013 WL 677814, at *3 (N.D. Ill. Feb. 25, 2013). Haywood asserts that applying a forum-selection clause that takes the choice of venue away from plaintiffs bringing Title VII claims circumvents Congress's intent and the public policy behind the Act and are therefore categorically invalid or unenforceable. [Dkt. 12 at 6.]

Neither the Seventh Circuit nor the Supreme Court has spoken on whether Title VII's venue provision overrides a valid forum-selection clause. The Seventh Circuit has, however, considered a similar venue provision in the ERISA context.

In *In re Mathias*, the court held that ERISA's venue provision, which, like Title VII, lists judicial districts where a plaintiff could bring suit, did not preclude enforcement of a forum-selection clause in an employment contract. See 867 F.3d 727, 728 (7th Cir. 2017). While the venue provision seeks to maximize ERISA's goal of "protect[ing] ... the interests of participants ... by providing ... ready access to the

7

Federal courts," *id.* at 732 (quoting 29 U.S.C. § 1001(b)), the court explained, the provision is "not phrased in rights-granting terms," *id.* Rather, the provision is permissive—it states that plaintiffs *may* bring suit in the listed districts. *Id.* In other words, nothing in ERISA's venue provision precluded the parties from "contractually narrowing the options to one of the venues listed in the statute." *Id.* "[C]hanneling litigation to a particular federal court," the Seventh Circuit added, is "consistent with the general policy" expressed in the ERISA statutes. *Id.*

District courts have applied this same reasoning to Title VII's venue provision. See *Dey v. Innodata Inc.*, 2018 WL 497283, at *4 (N.D. Ill. Jan. 22, 2018) (finding that Title VII's venue provision did not render forum-selection clause unenforceable because "the statutory language of 42 U.S.C. § 2000e-5 is permissive rather than mandatory"); *Kessler v. Direct Consulting Assocs. LLC*, 2018 WL 7890862, at *8 (E.D. Mich. July 6, 2018) (comparing Title VII to ERISA and deeming a forum-selection clause enforceable against a plaintiff's discrimination claims). The court finds these cases persuasive. Like the ERISA venue provision, 42 U.S.C. § 2000e-5 is permissive.

What's more, adopting a bright line rule that forum-selection clauses do not apply to Title VII claims seems at odds with *Atlantic Marine*'s directive that "forum-selection clauses should control except in unusual cases." 571 U.S. at 64. See *Barnes v. Fisher & Co., Inc.*, 2020 WL 8714821, at *4 (S.D. Ind. May 18, 2020) ("Yet, an across-the-board rule—i.e., that forum-selection clauses are unenforceable in all Title VII suits as incompatible with the public policy concerns reflected in the statute's venue provision—is hard to reconcile with *Atlantic Marine*."); *Putnam v. Perficient, Inc.*, 2022 WL 4480329, at *3 (E.D. Tex. July 20, 2022) (same); *Kessler*, 2018 WL

8

7890862, at *7 (same). So the court declines Haywood's invitation to hold that forum-selection clauses are void or unenforceable when applied to Title VII claims.[6]

### b.    Fraud or Overreaching

Haywood also maintains that the clause is invalid because it was not "freely negotiated." [Dkt. 12 at 7.] In particular, she states that as an employee she "was in a weaker bargaining position" than ComTec, and the company did not communicate or "provide the necessary emphasis" on the forum-selection clause. The clause, she continues, was "hidden within a complex four-page long letter [] in the same size print as the rest of the agreement," and did not require her initials or use headings, as some other clauses in the employment offer had done. Haywood also maintains that ComTec rushed her into signing the agreement. [Dkt. 12 at 8.]

Texas and federal courts have emphatically rejected the arguments Haywood raises. The Supreme Court's decision in *Carnival Cruise Lines, Inc. v. Shute* is instructive. See 499 U.S. 585 (1991). In that case, individuals who purchased tickets for a cruise challenged a forum-selection clause placed in fine print on the back of their tickets. *Id.* at 597 (Stevens, J. dissenting). Because cruise tickets are typically

---

[6]    Cases declining to enforce forum-selection clauses as applied to Title VII claims either pre-date or do not address *Atlantic Marine*. See *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135, 1143 (N.D. Cal. 2000); *Luderus v. U.S. Helicopters, Inc.*, 2013 WL 677814, at *4 (N.D. Ill. Feb. 25, 2013). Of mention, the court in *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 960 (M.D. Tenn. 2008) relied primarily on the Supreme Court's decision in *Boyd v. Grand Trunk Western Railroad Company*, 338 U.S. 263 (1949). In *Boyd*, the Court declined to enforce a forum-selection clause because a federal statute governing the claims at issue stated that a plaintiff "may" bring suit in specific judicial districts, and enforcing the forum-selection clause would take away the plaintiff's "substantial right" to select a forum. 338 U.S. at 264–66. *Boyd* has not been overruled, and the court recognizes the potential application here. But the Seventh Circuit has described *Boyd* as "a bit of a relic" and declined to extend its reasoning "to modern forum-clause jurisprudence." *In re Mathias*, 867 F.3d at 733.

non-negotiable, the Supreme Court explained, the purchasers did "not have bargaining parity with the cruise line." *Id.* at 593. Despite that unequal bargaining power, the Supreme Court enforced the forum-selection clause. *Id.* at 595. The Seventh Circuit has applied *Carnival Cruise Lines* to business contracts and in the employee-employer context. See, *e.g.*, *In re Mathias*, 867 F.3d at 728 (applying *Carnival Cruises* to a contract between an employee and employer); *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 610 (7th Cir. 2006) (applying *Carnival Cruise Lines* to a contract between two businesses). Put simply, *Carnival Cruise Lines* forecloses Haywood's argument that the forum-selection clause is invalid because it was not "freely negotiated."

The court also sees no fraud or misconduct concerning the forum-selection clause. As the Seventh Circuit has explained, "it is not fraud to fail to tell a person orally what is in the written contract that he is being asked to sign." *IFC Credit Corp.*, 437 F.3d at 611. Nor does the placement of the clause or the size of the text draw suspicion. Indeed, the forum-selection clause was the first paragraph on the signature page, and the text could hardly pass as fine print. See *Rud v. Liberty Life Assur. Co. of Bos.*, 438 F.3d 772, 776 (7th Cir. 2006) (explaining that *Carnival Cruise Lines* "brushed aside the arguments that many consumers don't read the fine print in their contracts and do not appreciate the significance, or perhaps even the meaning, of a forum-selection clause"); *Doe v. Cultural Care, Inc.*, 2010 WL 3075711, at *4 (N.D. Ill. 2010) ("[W]here the forum selection clause appears near the area designated for a plaintiff's signature, courts have found evidence that the plaintiff had an opportunity

to learn of the clause and that its inclusion was not the result of fraud or overreaching.").

And while Haywood asserts that ComTec rushed her into signing the agreement in part by telling her she could not begin her employment until she did so, it appears that a week passed between the date ComTec called Haywood about the employment offer and the date she began employment. [*Compare* Dkt. 13-1, ¶ 4 (explaining that Haywood received a call from ComTec about signing the offer on September 23), *with* Dkt. 1, ¶ 12 (stating ComTec hired Haywood on September 30).] In any event, the entire contract is just four pages long and "a party who agrees to terms in writing without understanding or investigating those terms does so at his own peril." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992).

### c.    Grave inconvenience

Finally, Haywood contends that, due to her health issues, trial in Texas would "effectively deprive her of her day in court." [Dkt. 12 at 8.] A party seeking to invalidate a forum-selection clause based on the "serious inconvenience" prong faces a high hurdle. Texas courts have been clear on this: "By entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons." *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d at 234. Obstacles known or foreseeable to the parties at the time of entering into the agreement are not sufficient. *Id.* at 234. Recall also that the burden of establishing serious inconvenience lies with Haywood. *Id.* at 232.

11

Haywood explains that she is a veteran who "has ongoing medical issues which are currently being treated at the VA medical facility in Hines, Illinois." [Dkt. 13-1, ¶ 8.] But she provides no detail into when she began these treatments, how often they occur, what they entail, or why they would interfere with her ability to prosecute the case in Texas. Presumably, regular, in-person travel to Texas would be unlikely considering Haywood is represented by counsel and/or could participate in most proceedings remotely. Nor does she cite any case law deeming similar impediments sufficient to override a forum-selection clause.

In its own research, the court has found to the contrary. The Supreme Court of Texas held that a plaintiff was not seriously inconvenienced by a forum-selection clause requiring suit in Illinois even though the plaintiff was "nearing the age of 80, suffered chronic health problems including fibromyalgia and heart problems, often had difficulty walking, and had been hospitalized several times in recent months." *In re ADM Inv. Servs., Inc.*, 304 S.W.3d 371, 375 (Tex. 2010). In short, Haywood has not met her heavy burden of establishing serious inconvenience sufficient to invalidate the agreement she entered into with ComTec just three years ago.

Haywood thus fails to demonstrate that the forum-selection clause is invalid or unenforceable.

### 2.    The Scope

Having found that the forum-selection clause is valid and enforceable, the court next addresses the scope of the clause.

Haywood first insists that the forum-selection clause is permissive, not mandatory. Relevant here, the clause states that "[b]oth parties consent to the

12

jurisdiction of Dallas County (Texas) and designate it as the sole and exclusive jurisdiction for the resolution of any disputes regarding this agreement or any other disputes which may arise between the parties." [Dkt. 7 at 27.] Haywood focuses on the word "consent," asserting that the parties only agreed that Dallas County had jurisdiction if a party chose to file suit there. The parties did not, in other words, agree that Dallas County was the *only* place a party could file suit.

If the forum-selection clause began and ended with "both parties consent to the jurisdiction of Dallas County (Texas)," Haywood's stance could be persuasive. *In re Agresti*, 2014 WL 3408691, at *6 (Tex. App. Ct. May 29, 2014) (collecting cases where courts held that forum-selection clauses specifying one jurisdiction without excluding other jurisdictions to be permissive). But it does not. The clause goes on to specify that Dallas County is the "sole and exclusive jurisdiction" for disputes between the parties.

The plain language leaves no doubt. When a forum-selection clause designates an exclusive forum, the clause is mandatory. See, *e.g.*, *All-Tech Indus., Inc. v. Freitag Elec., GmbH*, 1988 WL 84719, at *2 (N.D. Ill. Aug. 5, 1988) (finding a forum-selection clause permissive when it did not designate West Germany as "the *exclusive* jurisdiction for adjudicating disputes arising under the contract"); *In re Agresti*, 2014 WL 3408691, at *7 (Tex. App. Ct. May 29, 2014) (explaining that forum-selection clauses are mandatory when they contain language evidencing the parties' intent to make a particular jurisdiction exclusive); See *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (holding that forum-selection clause stating that the

13

parties "consent to the exclusive jurisdiction of the courts of Montgomery County, Pennsylvania" was mandatory).

Haywood next urges the court to find that the forum-selection clause does not apply because her claims are based on federal discrimination statutes, not the employment offer. But the applicability of a forum-selection clause does "not turn on the presence of contractual claims," it turns on "the language of the particular forum selection clause to which the parties agreed." *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2002 WL 418206, at *2 (Tex. App. Ct. 2002). And the forum-selection clause Haywood agreed to is not phrased so narrowly. It applies to both "disputes regarding [the employment offer]" *and* "any other disputes which may arise between the parties." Haywood's interpretation—that the clause applies only to claims originating directly from the employment offer—would render "any other dispute which may arise between the parties" redundant.

Indeed, Texas courts have interpreted similar language broadly to include non-contractual claims, like those alleging employment discrimination. See *Barnette v. United Rsch. Co.*, 823 S.W.2d 368, 370 (Tex. App. Ct. 1991) (finding that forum-selection clause that applied to "any lawsuit brought between Plaintiff and Defendant pertaining to Plaintiff's employment by Defendant" included employee's discrimination claims); *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 439 (Tex. 2017) ("When a forum-selection clause encompasses all 'disputes' 'arising out of' the agreement, instead of 'claims,' its scope is necessarily broader than claims based solely on rights originating exclusively from the contract."); see also *Barnes*, 2020 WL 8714821, at *2 (applying Michigan law) (finding that forum-selection clause

14

governing "litigation arising out of or in connection with [the employment agreement]" included an employee's Title VII discrimination claim because it arose "in connection with" his at-will employment set forth in the agreement).

When analyzing forum-selection clauses, moreover, Texas courts seek "guidance from federal law analyzing forum-selection clauses and draw analogies between forum-selection clauses and arbitration clauses." *Pinto Tech. Ventures, L.P.*, 526 S.W.3d at 437. And federal courts too have found that expansive language, such as "any disputes," encompasses employment-related statutory claims. See *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (holding that ADEA claim was subject to arbitration where agreement required arbitration of "any dispute, claim or controversy" arising between the parties); *Richert v. Nat'l Arb. F., LLC*, 2009 WL 3297565, at *1, *4 (D. Minn. Oct. 13, 2009) (holding that arbitration clause governing "any dispute" between the parties "whether related to this agreement or otherwise," included claims under Title VII and the ADEA); *Lahoud v. Document Techs. LLC*, 2017 WL 5466704, at *4 (S.D.N.Y. Nov. 14, 2017) ("Courts have concluded that forum selection clauses covering legal actions 'arising' from or 'relating' to an employment agreement apply to discrimination and retaliation.").

Haywood also contends that the forum-selection clause applies to "jurisdiction" not "venue." [Dkt. 12 at 5.] Because "jurisdiction concerns a court's authority to hear and determine a dispute, whereas venue pertains to the place of trial of an action within the court system," she explains, the forum-selection clause does not prevent her from litigating her case in this court. [*Id.*] This argument is difficult to grasp. Suffice it to say that this case is about forum, not venue. See *Xia v. Floyd*, 638 S.W.3d

15

821, 826 (Tex. App. Ct. 2021); see also *Collins v. Kappa Sigma Fraternity*, 2010 WL 1633416, at *1 (Tex. App. Ct. 2010) (treating clause requiring "legal proceedings ... to be filed in Albemarle County, Virginia," as a forum-selection, not a venue-selection, clause); *In re OSG Ship Mgmt., Inc.*, 514 S.W.3d 331, 337 (Tex. App. Ct. 2016) ("Forum refers to the jurisdiction, generally a nation or state, where suit may be brought.").

Finally, Haywood says that, at the very least, the forum-selection clause does not require litigation in a Dallas County, Texas *state* court, but instead allows litigation in any state *or* federal court in Dallas County. Because *Atlantic Marine* requires dismissal, rather than transfer, when a forum-selection clause designates a non-federal forum, this distinction is important.

The forum-selection clause states that the parties agree to "the jurisdiction of Dallas County (Texas) and designate it as the sole and exclusive jurisdiction" for any disputes between the parties. Because courts interpret ambiguous language in a contract against the drafter, see *Clark v. Power Mktg. Direct, Inc.*, 192 S.W.3d 796, 798 (Tex. App. Ct. 2006), the court considers whether the designation of "Dallas County (Texas)" could reasonably be interpreted as allowing jurisdiction in a *federal* court located in Dallas County, Texas, see *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) ("A contract is ambiguous when it is susceptible to more than one reasonable interpretation.").

Neither party cites any case law pointing one way or the other on this issue. And while the court has not located Texas cases addressing a similar forum-selection clause, federal courts have produced "conflicting authority" on the point. *Cont. Servs.*

16

*Grp., LLC v. E&E Mfg. of Tennessee, LLC*, 2023 WL 2682262, at *2 n.3 (N.D. Ind. Mar. 29, 2023) (collecting cases).

Some courts, for example, have found that forum-selection clauses designating the courts or jurisdiction "of" a particular county cannot include federal courts because, while federal courts may be "in" a particular county, they are not courts "of" that county. See *Complete Women's Imaging, P.C. v. Merge Healthcare, Inc.*, 2014 WL 7409517, at *1 (E.D. Wis. 2014) ("In sum, the clause's use of the word of, not in, combined with its reference to a county, not a federal judicial district, demonstrates a clear waiver of a federal forum."); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003). Other courts have reached the opposite conclusion. See *Rochester Cmty. Sch. Corp. v. Honeywell, Inc.*, 2007 WL 2473464, at *6 (N.D. Ind. Aug. 27, 2007).

*Dixon* is worth highlighting as it applied Texas law when interpreting a forum-selection clause which specified that "[t]he Courts of Texas, U.S.A., shall have jurisdiction" over disputes governed by the agreement. 330 F.3d at 397. The Fifth Circuit held that jurisdiction was limited to state courts because "[f]ederal district courts may be *in* Texas, but they are not *of* Texas." *Id.* at 398. While the clause in *Dixon* is similar to the one in Haywood's employment offer, it differs in one way: Haywood's clause selects the "jurisdiction of," not the "courts of," Dallas County. At least one district court has found that small difference to be determinative. See *Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London*, 384 F. Supp. 3d 697, 702 (E.D. Tex. 2019) (finding that *Dixon* did not control and forum-selection clause was ambiguous because it stated "exclusive jurisdiction of Texas," not "Courts of Texas").

17

All this to say, the wide disagreement among courts interpreting clauses very similar to the one present here leads to one conclusion: reasonable minds could interpret the forum-selection clause to include federal courts in Dallas County, Texas. So, assuming *Atlantic Marine* doesn't counsel against its enforcement, transfer to the Northern District of Texas under § 1404(a) is the appropriate procedural next step.

### B.    Applying *Atlantic Marine*

The court has thus far established that Haywood agreed to a valid, enforceable forum-selection clause that encompasses her claims and designates state or federal courts in Dallas County, Texas as the exclusive forum for resolving the parties' dispute. The final question is whether the court should nevertheless decline to transfer the case.

When considering a motion to transfer pursuant to § 1404(a), a district court typically weighs the convenience of the parties and various public interest considerations before deciding if a transfer would serve "the convenience of the parties and witnesses" and promote "the interests of justice." *Atl. Marine Const. Co.*, 571 U.S. at 63. The presence of a forum-selection clause, however, changes the § 1404(a) analysis significantly. Relevant here, when a party seeks transfer based on a forum-selection clause, "the plaintiff's choice of forum merits no weight" and "arguments about the parties' private interests" are of no matter. *Id.* at 63–64. That leaves the court with Haywood's arguments concerning the public interests in avoiding transfer in this case.

Haywood cites no public interest concerns beyond Title VII's venue provision, Illinois's interest in having discrimination suits involving its residents decided at

18

home, and Texas jurors' interest in not deciding cases concerning non-residents. The court has already addressed and rejected each of these arguments.

One public interest factor, moreover, favors transfer: Haywood's suit will likely reach a much faster resolution in Texas. Civil lawsuits in the Northern District of Illinois take an average of 54 months from filing to trial, compared to just 24 months in the Northern District of Texas.[7]

In the end, this case does not involve "extraordinary circumstances unrelated to the convenience of the parties" that "clearly" disfavors a transfer to the Northern District of Texas. *Atl. Marine Const. Co.*, 571 U.S. at 52.

## IV.    Conclusion

For these reasons, the court will enforce the valid forum-selection clause agreed to by the parties and transfer the case to the Northern District of Texas. ComTec's motion to dismiss is denied but the alternative request to transfer is granted.

Enter: 25-cv-7883
Date:  October 15, 2025

_____

Lindsay C. Jenkins

---

[7]    *Table—U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (June 30, 2025)*, United States Courts, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0630.2025.pdf (last visited October 10, 2025).